# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEANETTE BELLINGER, JARED DE URIARTE, KHALIF MARTINS, GABRIELLE RUMNEY and ISABELLE RUSSELL** | : : : : : | **CIVIL ACTION** |
| **v.** | : : | |
| **OLD PINE COMMUNITY CENTER** | : | **NO. 21-757** |

## MEMORANDUM OPINION

**Savage, J.**                                                        **June 3, 2021**

      This case arises from Old Pine Community Center's termination of five employees during the COVID-19 pandemic. The former employees have sued Old Pine for violating the Philadelphia COVID-19 Anti-Retaliation Ordinance, the Philadelphia Paid Sick Leave Ordinance ("Ordinance") and the Families First Coronavirus Relief Act ("FFCRA"), and for retaliating against them for exercising their rights under these laws.

      Old Pine moves to dismiss only the claim under the Philadelphia Paid Sick Leave Ordinance. It argues plaintiffs have failed to state a claim for violation of and retaliation under the Ordinance. Because plaintiffs have sufficiently alleged facts that, if proven, support a claim under the Ordinance, we shall deny Old Pine's motion.

### Plaintiffs' Allegations

      Defendant Old Pine Community Center offers a feeding program for low-income residents and an after-school summer camp in Philadelphia.[1] Plaintiffs were employed

---

[1] Compl. at ¶¶ 1, 36 (ECF No. 1).

by Old Pine until August 3, 2020.[2] On July 22, 2020, after an employee tested positive for COVID-19,[3] Old Pine announced it would shut down its community center until July 27 and instructed its employees to get tested for COVID-19.[4] It advised employees to work from home in the meantime.[5] When plaintiffs asked if they would be compensated for working remotely, Old Pine "refused to respond."[6]

On July 24, nine employees, including the five plaintiffs, sent a letter complaining about their treatment during the pandemic to Old Pine's Board of Managers.[7] They blamed Old Pine for a "lack of clear communication of accrual of paid sick leave for all employees."[8] They accused Old Pine of fostering a "culture of intimidation and toxicity," putting them in "***[f]ear of retaliation and retribution in voicing concerns***."[9]

Ten days later, on August 3, Old Pine terminated five of the nine employees. They are Jeanette Bellinger, Old Pine's former Lead Youth Counselor; Jared de Uriarte, the former Administrative Coordinator; Khalif Martins, a former maintenance employee; Gabrielle Rumney, a former Youth Counselor/Care Package Coordinator; and Isabelle Russell, a former program coordinator.[10]

---

[2] *Id.*

[3] *Id.* at ¶ 18; *see also* Compl. Ex. A ("July 24 Letter").

[4] Compl. at ¶ 19.

[5] *Id.* at ¶ 23.

[6] *Id.*

[7] *Id.* at ¶ 21; *see also* July 24 Letter.

[8] July 24 Letter.

[9] *Id.* (bold and italics in original).

[10] Compl. at ¶¶ 12-16.

2

After their termination, plaintiffs filed a charge with the Mayor's office, as required by the Ordinance, to investigate whether Old Pine violated the Ordinance.[11] After the Mayor's office issued its Determination of Reasonable Cause on January 14, 2021, plaintiffs timely filed suit.[12]

**Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint. To survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

A conclusory recitation of the elements of a cause of action is insufficient. *Phillips v. Cty of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008). The plaintiff must allege facts necessary to make out each element. *Id.* (quoting *Twombly,* 550 U.S. at 563 n.8). In other words, the complaint must contain facts which, if proven later, support a conclusion that a cause of action can be established.

In considering a motion to dismiss under Rule 12(b)(6), the court must first separate the factual and legal elements of a claim, accepting the well-pleaded facts as true and disregarding legal conclusions. The court next determines whether the facts alleged, if proven, show that the plaintiff has a plausible claim for relief. *Fowler v. UPMC*

---

[11] *Id.* at ¶ 5.

[12] *Id.* at ¶ 6.

*Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal,* 556 U.S. at 679). In making this determination, all well-pleaded allegations of the complaint must be accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences must be drawn in his favor. *See McTernan v. City of York,* 577 F.3d 521, 526 (3d Cir. 2009).

## Analysis[13]

In 2015, the City of Philadelphia enacted the "Promoting Healthy Families and Workplaces" ordinance to provide paid and unpaid sick leave to certain employees working within the city. *See* Phila. Code § 9-4100 *et seq.* The Ordinance "ensure[s] that workers employed in the City of Philadelphia can address their own health needs . . . by requiring employers to provide a minimum level of paid sick days. . . ." *Id*. at § 9-4102(1). It guarantees eligible employees up to 40 hours of paid sick leave per year. *Id.* at §§ 9-4104(1)-(2). It also requires employers to "give notice that employees are entitled to sick time, the amount of sick time, and the terms of its use guaranteed" by the law. *Id.* at § 9-4107(1).

Plaintiffs claim that Old Pine violated the Ordinance when it did not pay them sick time for leave taken, track their accrued sick time, carry over sick time from year to year and provide notice of their rights under the law.[14] They also allege that Old Pine retaliated against them for complaining about Old Pine's failure to comply with the Ordinance and attempting to exercise their rights under it.[15]

---

[13] We have subject matter jurisdiction pursuant to 28 U.S.C § 1331 because plaintiffs assert an FFCRA claim. We exercise supplemental jurisdiction over the non-federal claims because they arise from the same case or controversy. 28 U.S.C. § 1367(a); *De Ascensio v. Tyson Foods, Inc*., 342 F.3d 301, 308 (3d Cir. 2003).

[14] Compl. at ¶ 59.

[15] *Id.*

4

The Ordinance grants all "employees as defined in this Chapter . . . the right to sick time" and makes it "unlawful for an employer or any other person to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right protected under this Chapter." *Id*. at §§ 9-4104(1); 9-4106(1). The Ordinance defines an "Employee" as:

> any individual employed by an employer who performs work within the geographic boundaries of the City of Philadelphia for at least 40 hours in a year; but excluding independent contractors, seasonal workers, adjunct professors, employees hired for a term of less than six months, interns, pool employees, State and Federal employees, and employees covered by a bona fide collective bargaining agreement.

*Id*. at § 9-4103(3).

Old Pine contends Russell is not an employee under the Ordinance. It does not dispute that the remaining four plaintiffs are covered employees. It claims that at the time Russell was employed at Old Pine she was a student at Drexel University and was an intern who was hired for a term of less than six months.[16] To support these assertions, Old Pine attaches what it claims is Russell's offer letter.[17]

As an intern, so Old Pine contends, Russell is ineligible for sick leave because the Ordinance excludes interns from the definition of "Employee."[18] The Ordinance defines "Intern" as:

---

[16] Def.'s Mot. to Dism. at 4 (ECF No. 6).

[17] *See* Def.'s Mot. to Dism. Ex. 1. (ECF No. 6) ("Offer Letter"). We generally consider only the allegations of the complaint, exhibits attached to the complaint and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied,* 114 S. Ct. 687 (1994). We may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* Otherwise, analyzing documents beyond the pleadings would convert the motion to one for summary judgment. *Id.* Old Pine did not make this request. *See* Def.'s Mot. to Dism. at 2 n.1 ("Defendant recognizes that courts may not consider evidence presented outside of the pleadings without converting a motion to dismiss to a summary judgment motion. . . .").

[18] *Id.*

5

> [A] student who is enrolled in an educational institution and *who is performing work for that institution*, provided that such student shall not be considered an intern for the purposes of this Chapter when working for any employer other than the educational institution in which the student is enrolled.

*Id*. at § 9-4103(10) (emphasis added). According to the offer letter, Russell was a Drexel University student who was not working for Drexel, but for Old Pine.[19] Thus, she is not an intern excluded under the Ordinance.

The Ordinance also excludes persons who are "hired for a term of less than six months." *See id.* at § 9-4103(3). Old Pine claims the offer letter proves that Russell's term of employment was for less than six months.

The offer letter is unclear. It has two different periods of employment. The first fixed a term of employment of seven months.[20] The other set a term of five and a half months.[21] The first start and end dates are crossed out.[22] Neither party provided an explanation for when the dates were changed or whether Russell knew they had been changed. Resolving what was Russell's period of employment requires a factual determination by a jury. Thus, we shall deny Old Pine's motion to dismiss Russell's claim.

Old Pine argues that the Ordinance does not entitle former employees to compensation for unused sick leave after termination. *See id.* at § 9-4109 ("Nothing in this Section shall be construed as requiring financial or other reimbursement to an employee from an employer upon the employee's termination, resignation, retirement, or

---

[19] *See* Offer Letter.

[20] *Id.* ("Start Date" of March 1, 2020 and "End Date" of October 30, 2020).

[21] *Id.* ("Start Date" of March 30, 2020 and "End Date" of September 18, 2020).

[22] *Id.*

other separation from employment for accrued sick time that has not been used"). Plaintiffs are not seeking compensation for unused sick leave. Rather, they seek payment for the ten business days from when Old Pine suspended operations on July 22 to when it terminated them on August 3. They characterize these ten days as compensable sick leave time.[23]

The Ordinance allows an employee to use accrued paid sick time for a "mental or physical illness, injury or health condition; . . . need for medical diagnosis, care, or treatment of a mental or physical illness, injury or health condition; [or…] need for preventive medical care." *Id.* at § 9-4105(1)(a). The definition of preventive medical care was amended on March 16, 2020 by a Supplemental Emergency Regulation in response to the COVID-19 pandemic.[24] As part of the Emergency Regulation, preventive medical care was expanded to include, among other things, "the evaluation of a person under investigation for COVID-19" and "the act of engaging in a self-quarantine for two-weeks . . . as the result of having come into contact with an individual who has been diagnosed with COVID-19."[25]

Plaintiffs allege that on July 22 they received an email stating that one of their supervisors who had "failed to maintain social distancing and failed to wear a mask" tested positive for COVID-19.[26] They were informed that Old Pine's community center would

---

[23] Pls.' Resp. to Mot. to Dism. at 4 (ECF No. 13).

[24] Mem. from Brian Abernathy, Managing Director, to James Leonard, Commissioner, on "Supplemental Emergency Regulation Regarding COVID-19 and Chapter 9-4100 of the Philadelphia Code: Promoting Healthy Families and Workplaces" Attach. A (Mar. 16, 2020), https://www.phila.gov/media/20200813143202/Paid-sick-leave-emergency-regulations.pdf ("Emergency Regulation").

[25] *Id.* at 2.1(a) and (b)(iii).

[26] Compl. at ¶ 18; *see also* July 24 Letter.

7

close until July 27 and they were instructed to get COVID-19 tests.[27] Plaintiffs began seeking COVID-19 tests which would take "anywhere from 7-10 days" to produce results.[28] On July 27, Old Pine extended its shutdown.[29] Plaintiffs were terminated seven days later while Old Pine was closed.

Plaintiffs allege they were engaging in preventive medical care, as defined by the Ordinance and the Emergency Regulation, during the time period Old Pine closed its facilities. They also allege they were not paid for accrued sick time during that period. The allegations, if proven, will establish a violation of the Ordinance.

Plaintiffs also allege that Old Pine retaliated against them for exercising their rights under the Ordinance. Specifically, plaintiffs claim that Old Pine fired them for sending the July 24 letter complaining about Old Pine's "lack of clear communication of accrual of paid sick leave for all employees."[30] Old Pine argues that this "conclusory statement" is insufficient to state a retaliation claim and there are no facts to support the conclusion that plaintiffs were terminated in retaliation because of one sentence in their July 24 letter.[31]

The Ordinance states an "employer shall not take retaliatory personnel action or discriminate against an employee because the employee has exercised rights protected under this Chapter." *Id.* at § 9-4106(2). "[R]etaliatory personnel action" is defined in the

---

[27] *Id.* at ¶¶ 19; 21-25.

[28] July 24 Letter.

[29] Compl. at ¶ 25.

[30] July 24 Letter

[31] Def.'s Mot. to Dism. at 5-6.

8

Ordinance as the "discharge, suspension, or demotion by an employer of an employee or any other adverse action taken by an employer against an employee." *Id.* at § 9-4103(13).

Plaintiffs allege that Old Pine "failed to provide any Plaintiff notice of their right to accrue one hour of sick time for every forty (40) hours worked."[32] The Ordinance makes clear that employees are entitled to notice about this policy. Plaintiffs' July 24 letter clearly expresses dissatisfaction with Old Pine's failure to provide this notice.[33] Within two weeks of sending the letter, they were terminated.[34] These allegations are sufficient to state a claim for retaliation under the Ordinance.

## Conclusion

Plaintiffs have sufficiently alleged that they were covered employees entitled to paid leave for the time period between when Old Pine closed its facility due to a positive COVID-19 test and their termination under the Ordinance. They have also alleged sufficient facts showing their termination was in retaliation for exercising their rights to notice about sick leave rights. Therefore, because they have stated a claim for relief under the Ordinance, we shall deny Old Pine's motion to dismiss.

---

[32] Compl. at ¶ 24.

[33] July 24 Letter.

[34] Plaintiffs' complaint does not make clear whether Bellinger was actually terminated with the other four plaintiffs after the July 24 letter. *Compare* Compl. at ¶ 12 ("Plaintiff, Jeanette Bellinger, was an employee of Defendant and was wrongfully terminated on August 3, 2020"), ¶ 26 ("On August 3, 2020, Plaintiffs were terminated") *with* ¶ 36 ("The one program that was terminated was the summer camp/after school program, led by Plaintiff Jeannette Bellinger. However Plaintiff Jennette Bellinger continued to work full-time on the feeding program, which was never terminated. Plaintiff Janette Bellinger's termination placed pressure on the staff and her termination was not due to a COVID slowdown").